# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS RITTLE,     )
           )
    Plaintiff    )
           )
   v.       ) **Case No.:**
           )
ENHANCED RECOVERY  ) **COMPLAINT AND DEMAND FOR**
COMPANY, LLC,    ) **JURY TRIAL**
           )
    Defendant  ) **(Unlawful Debt Collection Practices)**

## COMPLAINT

DENNIS RITTLE ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ENHANCED RECOVERY COMPANY, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

1

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff is a natural person residing in Annville, Pennsylvania 17003.

6.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.     In the alternative, Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.     Defendant is a national debt collection company with its corporate headquarters located at 8014 Bayberry Road Jacksonville, Florida 32256.

9.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.    At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

12.    Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

13.    Upon information and belief, the debt Defendant was seeking to collect, a Kay Jewelers debt, arose out of transactions that were primarily for personal, family, or household purposes.

14.    Beginning in or around July 2012 and continuing through July 20, 2012, Defendant continuously and repeatedly contacted Plaintiff on his cellular and work telephones seeking and demanding payment of an alleged debt.

15.    Defendant contacted Plaintiff, on average, three (3) times a day, resulting at times in more than ten (10) collection calls a week, in attempts to collect an alleged debt.

16.    Plaintiff knew that it was Defendant contacting him because he has spoken with its collectors.

17.    During his conversations with Defendant's collectors, Plaintiff continuously disputed owing the debt and instructed Defendant to send him proof that the debt was his.

18.     Despite his repeated verbal requests, Defendant never sent validation, but continued to call Plaintiff seeking and demanding payment for the disputed debt.

19.     Upon information and belief, Defendant contacted Plaintiff continuously and repeatedly with the intent to annoy, abuse, and harass Plaintiff.

20.     Further, during the relevant period, Defendant contacted Plaintiff on his work telephone.

21.     On numerous occasions, Plaintiff informed Defendant that he was not permitted to receive personal calls at work.

22.     Despite knowing that Plaintiff was not allowed to receive personal calls at work, Defendant continued call Plaintiff at his place of employment.

23.     Finally, within five (5) days of its initial contact with Plaintiff, Defendant failed to send Plaintiff any written notification informing him of his rights to dispute the debt and/or request verification of the alleged debt.

24.     As a result, Plaintiff was unaware of his rights to dispute the debt and/or request verification of the debt.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

25.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692c(a)(3).

a.   A debt collector violates §1692c(a)(3) of the FDCPA by communicating with a consumer at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

b.   Here, Defendant violated §1692c(a)(3) of the FDCPA when it continuously and repetitively contacted Plaintiff at his place of employment, after been informed that Plaintiff was not permitted to receive personal calls at work.

## COUNT II

26.   Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

a.   A debt collector violates §1692d of the FDCPA  by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b.   A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

c.   Here, Defendant violated §§1692d and 1692d(5) of the FDCPA by

5

continuously contacting Plaintiff, on average, three (3) times a day in attempts to collect a consumer debt with the intent to annoy, abuse, and harass Plaintiff.

## COUNT III

27.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692g(a) of the FDCPA.

a. A debt collector violates §1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's

PLAINTIFF'S COMPLAINT

written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b. Here, Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of his rights to dispute the debt or request verification of the debt.

WHEREFORE, Plaintiff, DENNIS RITTLE, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DENNIS RITTLE, demands a jury trial in this case.

7

RESPECTFULLY SUBMITTED,


Date: 10/19/2012                    By: */s/ Craig Thor Kimmel*
                                   CRAIG THOR KIMMEL
                                   Attorney ID No. 57100
                                   Kimmel & Silverman, P.C.
                                   30 E. Butler Pike
                                   Ambler, PA 19002
                                   Phone: (215) 540-8888
                                   Fax: (877) 788-2864
                                   Email:    kimmel@creditlaw.com

8